```
 1  KENNETH J. GUIDO (Cal. Bar No. 040020)
    PAUL R. BERGER
 2  RUSSELL G. RYAN
    C. HUNTER WIGGINS
 3  DEREK M. MEISNER
    JO E. METTENBURG
 4
    Attorneys for Plaintiff
 5  Securities and Exchange Commission
    450 Fifth Street, N.W.
 6  Washington, D.C. 20549-0911
    Telephone: (202) 942-7933
 7  Facsimile: (202) 942-9581
 8
```

FILED
CLERK, U.S. DISTRICT COURT
01-09-03
JAN - 9 2003
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

Priority Send  X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>vs.<br><br>Leon Jordan II,<br><br>Jordan Enterprises, LLC,<br>Jordan Holdings, LLC,<br>Ray Brown & Associates, and<br>Raymond Brown,<br><br>Defendants,<br><br>Sheila S. Jordan<br><br>Relief Defendant. | CASE NUMBER CV 02-9889 PA (CTx)<br><br>[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; (4) AND FOR ACCOUNTINGS |

JAN 10 2003

13

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") Application For An Order To Show Cause Why A Preliminary Injunction And Order Freezing Assets, Prohibiting Destruction Of Documents, Granting Expedited Discovery, And For Accountings Should Not Issue ("Application").

The Court, having considered the Commission's Complaint, the Application,

the supporting Memorandum of Points and Authorities, Declaration of Jo E. Mettenburg and Exhibits thereto, and all other evidence and argument presented regarding the Application, finds that:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)], by evidence establishing a strong likelihood that the Commission will prevail at trial on the merits and that the Defendants Leon Jordan II, Jordan Enterprises, LLC, Jordan Holdings, LLC ("Jordan Defendants"), and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 15(a) of the Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(b).

3. Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that good cause exists to believe that the Jordan Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to participants, investors, and the general public unless they are restrained and enjoined. The Commission's pleadings noted above indicate, among other things, that: (a) Jordan Defendants have raised at least $850,000 since December 2001, a large portion of which has been diverted to accounts in the name of Defendant Leon Jordan's wife, the Relief Defendant Sheila Jordan; (b) Jordan Defendants claim to seek to raise $2.5 billion from the sale of what they describe as Guaranteed Insurance Certificate (GIC) Bonds ("GIC Bonds"), which they have attempted and continue to offer participation in the proceeds to unsuspecting participants; (c) in connection with this fraudulent scheme, the Jordan Defendants have falsely represented that: (i) they are the exclusive

1  coordinators and intermediaries of a $2.5 billion dollar GIC Bond offering being put
2  together by well-known financial institutions who have disclaimed any participation
3  therein; (ii) they have completed at least one similar GIC Bond offering (there is no
4  evidence that it has occurred); and (iii) the participants' monies (denominated by the
5  Defendants as "due diligence" fees) will be refunded if the Jordan Defendants are
6  unable to secure financing (i.e., sell a bond) for the participants; and (d) Jordan
7  Defendants continue to solicit additional participants in the GIC Bond offering, and
8  are withdrawing funds from the account into which the participants' funds have been
9  deposited.

10      4.    Based on these and other facts, it is appropriate and in the interest of
11  justice that the Commission's Application be granted, and this Preliminary Injunction
12  be issued.

## I.

14  IT IS HEREBY ORDERED that the Commission's Application For A
15  Preliminary Injunction; Order Freezing Assets; Order Prohibiting Destruction Of
16  Documents; Order Granting Expedited Discovery; and Order For Accountings is
17  GRANTED.

## II.

19  IT IS FURTHER ORDERED that, pending the determination of a hearing on
20  the merits, Defendants Leon Jordan II ("Jordan"), Jordan Enterprises LLC ("Jordan
21  Enterprises"), Jordan Holdings, LLC ("Jordan Holdings"), and their officers, agents,
22  servants, employees, attorneys, subsidiaries and affiliates, and those persons in active
23  concert or participation with any of them, who receive actual notice of this Order, by
24  personal service or otherwise, and each of them, be and hereby are restrained and
25  enjoined from, directly or indirectly, in the offer or sale of any securities, by the use
26  of any means or instruments of transportation or communication in interstate
27  commerce or by use of the mails:
28      A.    employing any device, scheme or artifice to defraud;

B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### III.

IT IS FURTHER ORDERED that, pending the determination of a hearing on the merits, Defendants Jordan, Jordan Enterprises, and Jordan Holdings, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

### IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other

1  real or personal property, wherever located, of Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, owned by, controlled by, managed by or in the possession or custody of any of them.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, or any trust, partnership, joint venture, person or entity affiliated with any of the Defendants or Relief Defendant.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan.

## VII.

IT IS FURTHER ORDERED that Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, shall, within five days of the date of issuance of this Order, prepare and deliver to the Commission ~~within five (5) days of the date of this Order~~ on or before January 23, 2003 a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $1,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all ~~such assets~~ all funds derived from the activities alleged in the Complaint. Such accountings ~~shall be filed with the Court and copies~~ shall be delivered to Kenneth J. Guido, Assistant Chief Litigation Counsel in the Commission's Washington D.C. Office, 450 Fifth Street N.W., Washington, DC 20549-0911. ~~After completion of the accountings,~~ Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, shall each produce to Kenneth J. Guido in the Commission's Washington, D.C. Office, ~~at a time agreeable to the Commission, no later than ten (10) days of this Order,~~ all books, records and other documents supporting or underlying their accountings on the same date.

## VIII.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the Commission may take depositions of non-parties upon oral examination subject to two calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the Jordan Defendants and Relief Defendant, may be taken on any day, including Saturdays, Sundays, and holidays subject to two calendar days notice and the Commission may take more than ten depositions.

## IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: January 9, 2003
TIME: _____ o'clock ___ m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Kenneth J. Guido
Assistant Chief Litigation Counsel
Attorney for Plaintiff
Securities and Exchange Commission