KENNETH J. GUIDO (Cal. Bar No. 040020)
PAUL R. BERGER
RUSSELL G. RYAN
C. HUNTER WIGGINS
DEREK M. MEISNER
JO E. METTENBURG

Attorneys for Plaintiff
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C. 20549-0911
Telephone: (202) 942-7933
Facsimile: (202) 942-9581

FILED
CLERK U.S. DISTRICT COURT
FILED
JAN - 9 2003
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Priority ___
Send  ✗
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEON JORDAN II, JORDAN HOLDINGS, JORDAN ENTERPRISES, LLC, RAY BROWN & ASSOCIATES, and RAYMOND BROWN,<br><br>Defendants,<br><br>SHEILA S. JORDAN,<br><br>Relief Defendant. | NO. CV 02-9889 PA (CTx)<br><br>[~~PROPOSED~~] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (3) FOR ACCOUNTINGS AGAINST DEFENDANT RAYMOND BROWN AND RAY BROWN & ASSOCIATES<br><br>[Fed R. Civ. P. 65]<br><br>Date: January 9, 2003<br>Time: 3:00 p.m.<br>Courtroom of the Honorable Percy Anderson |

This matter came to be heard upon the Consent of Raymond Brown and Ray Brown & Associates to Plaintiff Securities and Exchange Commission's ("Commission") Application For An Order To Show Cause Why A Preliminary Injunction And Order Freezing Assets, Prohibiting Destruction Of Documents,

///

JAN 13 2003    14

Granting Expedited Discovery, And For Accountings Should Not Issue ("Application").

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, Declaration of Jo E. Mettenburg and Exhibits thereto, the Consent of Raymond Brown and Ray Brown & Associates ("Brown Defendants"), and all other evidence and argument presented regarding the Application, finds that this Court has jurisdiction over Brown Defendants, and the subject matter of, this action, and that it is hereby ORDERED that the Commission's Application For A Preliminary Injunction; Order Freezing Assets; Order Prohibiting Destruction Of Documents; and Order For Accountings against Brown Defendants is GRANTED, as set forth herein.

## I.

IT IS HEREBY ORDERED that, pending the determination of a hearing on the merits, Brown Defendants and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

    in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## II.

IT IS FURTHER ORDERED that, pending the determination of a hearing on the merits, Brown Defendants, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

## III.

IT IS FURTHER ORDERED that the Brown Defendants shall deposit within twelve (12) business days of this Order $77,500.00 in bank account no. 792063071 at Hibernia National Bank, New Orleans, Louisiana, which represents funds that were obtained from the Jordan Defendants.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, Brown Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, and others who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, the funds in account no. 792063071 at Hibernia National Bank, New Orleans, Louisiana, and the following real property or any interest therein:

///

1     25920 Brown's Lane
    Holden, Louisiana 70744

2

    The Financial Plaza
3     5235 Florida Boulevard
    Suite A, B, D, E
4     Baton Rouge, Louisiana 70806

5     *Provided that* Brown Defendants may obtain a mortgage on the 25920 Brown's Lane property (Raymond Brown's primary residence) in an amount no greater than $125,000.00, for the purpose of depositing the $77,500.00, above, paying attorneys' fees and costs, and paying incidental expenses.

    *Provided further that* Brown Defendants shall file this Order as a *lis pendens* or other similar instrument under Louisiana law, to effectuate the terms of this Paragraph IV of this Order.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, Brown Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Jordan, Jordan Enterprises, Jordan Holdings, Brown, Brown & Associates, and Relief Defendant Sheila Jordan.

## VI.

IT IS FURTHER ORDERED that Brown Defendants, shall, within ten (10) days of the date of issuance of this Order, prepare and deliver to the Commission a

- 4 -

detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $1,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to Kenneth J. Guido, Assistant Chief Litigation Counsel in the Commission's Washington D.C. Office, 450 Fifth Street N.W., Washington, DC 20549-0911. After completion of the accountings, Brown Defendants shall each produce to Kenneth J. Guido in the Commission's Washington, D.C. Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accountings.

## VII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: January 9, 2003.

HONORABLE PERCY ANDERSON
United States District Judge

Presented by:

Kenneth J. Guido
Assistant Chief Litigation Counsel
Attorney for Plaintiff
Securities and Exchange Commission

-5-

1  detailed and complete schedule of all of their personal assets, including all real and
2  personal property exceeding $1,000 in value, and all bank, securities, futures and
3  other accounts identified by institution, branch address and account number. The
4  accountings shall include a description of the source(s) of all such assets. Such
5  accountings shall be filed with the Court and copies shall be delivered to Kenneth J.
6  Guido, Assistant Chief Litigation Counsel in the Commission's Washington D.C.
7  Office, 450 Fifth Street N.W., Washington, DC 20549-0911. After completion of
8  the accountings, Brown Defendants shall each produce to Kenneth J. Guido in the
9  Commission's Washington, D.C. Office, at a time agreeable to the Commission, all
10 books, records and other documents supporting or underlying their accountings.

## VII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: January ___, 2003.


HONORABLE PERCY ANDERSON
United States District Judge


Presented by:

_____
Kenneth J. Guido
Assistant Chief Litigation Counsel
Attorney for Plaintiff
Securities and Exchange Commission

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                         )ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 601 West Fifth Street, Suite 1150, Los Angeles, California 90071-2025.

On January 8, 2003, I served the foregoing document described a **[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (3) FOR ACCOUNTINGS AGAINST DEFENDANT RAYMOND BROWN AND RAY BROWN & ASSOCIATES** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows

Kenneth J. Guido, Esq.
Securities and Exchange Commission
450 Fifth Street, N.W
Washington, D.C. 20549-0911
(202) 942-7933 Telephone
(202) 942-9581 Facsimile

[XX] Via U.S. Mail   I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's prsactice of collection and processing correspondence for mailing. It is deposited with U S postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] Via Facsimile   I am familiar with the office practice of Corbin & Fitzgerald, LLP for collecting, processing and transmitting facsimile Under that practice, I faxed the above-described document to the facsimile number referenced above. The facsimile of the above-described document was transmitted to the following parties from Los Angeles, California on December 9, 2002, at the times noted on the attached confirmation sheet.

Executed on January 8, 2003, at Los Angeles, California.

[ ] (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

[XX] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

*Sandra Vaughn*
Sandra Vaughn