```
1  KENNETH J. GUIDO (Cal. Bar No. 040020)
   PAUL R. BERGER
2  RUSSELL G. RYAN
   C. HUNTER WIGGINS
3  DEREK M. MEISNER
   JO E. METTENBURG
4
   Attorneys for Plaintiff
5  Securities and Exchange Commission
   450 Fifth Street, N.W.
6  Washington, D.C. 20549-0911
   Telephone:  (202) 942-7933
7  Facsimile:  (202) 942-9581
```

FILED
CLERK, U.S. DISTRICT COURT
MAR 18 2003
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

___ Priority
_X_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff

vs.

Leon Jordan II,
Jordan Enterprises, LLC,
Jordan Holdings, LLC,
Ray Brown & Associates, and
Raymond Brown,

Defendants,

Sheila S. Jordan

Relief Defendant.

CASE NUMBER CV02-9889 PA

[~~PROPOSED~~] AMENDED PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; AND (4) FOR ACCOUNTING.

ENTER ON ICMS
MAR 21 2003

This matter came to be heard upon the Consent of Leon Jordan II, Jordan Holdings, Jordan Enterprises, LLC, and Relief Defendant Sheila S. Jordan to Plaintiff Securities and Exchange Commission's ("Commission") Application For An Order To Show Cause Why A Preliminary Injunction And Order Freezing Assets, Prohibiting Destruction Of Documents, Granting Expedited Discovery, And For

1  Accountings Should Not Issue ("Application").

2  The Court, having considered the Commission's Complaint, the Application,
3  the supporting Memorandum of Points and Authorities, Declaration of Jo E.
4  Mettenburg and Exhibits thereto, the Consent of Leon Jordan II, Jordan Holdings,
5  Jordan Enterprises, LLC, and Relief Defendant Sheila S. Jordan and all other evidence
6  and argument presented regarding the Application, finds that:

7  1.    This Court has jurisdiction over the parties to, and the subject matter of,
8  this action.

9  2.    The Commission has made a sufficient and proper showing in support
10 of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933
11 ("Securities Act") [15 U.S.C. § 77t(b)], and Section 21(d) of the Securities Exchange
12 Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)], by evidence establishing a strong
13 likelihood that the Commission will prevail at trial on the merits and that Defendants
14 Leon Jordan II, Jordan Enterprises, LLC, Jordan Holdings, LLC ("Jordan
15 Defendants"), and each of them, directly or indirectly, have engaged in and, unless
16 restrained and enjoined by order of this Court, will continue to engage in acts,
17 practices, and courses of business constituting violations of Section 17(a) of the
18 Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 15(a) of
19 the Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(b).

20 3.    Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that good
21 cause exists to believe that the Jordan Defendants will continue to engage in such
22 violations to the immediate and irreparable loss and damage to participants, investors,
23 and the general public unless they are restrained and enjoined. The Commission's
24 pleadings noted above indicate, among other things, that: (a) Jordan Defendants have
25 raised at least $850,000 since December 2001, a large portion of which has been
26 diverted to accounts in the name of Defendant Leon Jordan's wife, the Relief
27 Defendant Sheila Jordan; (b) Jordan Defendants claim to seek to raise $2.5 billion from
28 the sale of what they describe as Guaranteed Insurance Certificate (GIC) Bonds ("GIC

Bonds"), which they have attempted and continue to offer participation in the proceeds to unsuspecting participants; (c) in connection with this fraudulent scheme, the Jordan Defendants have falsely represented that: (i) they are the exclusive coordinators and intermediaries of a $2.5 billion dollar GIC Bond offering being put together by well-known financial institutions who have disclaimed any participation therein; (ii) they have completed at least one similar GIC Bond offering (there is no evidence that it has occurred); and (iii) the participants' monies (denominated by the Defendants as "due diligence" fees) will be refunded if the Jordan Defendants are unable to secure financing (i.e., sell a bond) for the participants; and (d) Jordan Defendants continue to solicit additional participants in the GIC Bond offering, and are withdrawing funds from the account into which the participants' funds have been deposited.

4.  Based on these and other facts, it is appropriate and in the interest of justice that the Commission's Application be granted, and this Preliminary Injunction be issued.

## I.

IT IS HEREBY ORDERED that the Commission's Application For A Preliminary Injunction; Order Freezing Assets; Order Prohibiting Destruction Of Documents; Order Granting Expedited Discovery; and Order For Accountings is GRANTED.

## II.

IT IS FURTHER ORDERED that, pending the determination of a hearing on the merits, Defendants Leon Jordan II ("Jordan"), Jordan Enterprises LLC ("Jordan Enterprises"), Jordan Holdings, LLC ("Jordan Holdings"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use

of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that, pending the determination of a hearing on the merits, Defendants Jordan, Jordan Enterprises, and Jordan Holdings, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are

1 | restrained and enjoined from, directly or indirectly transferring, assigning, selling,
2 | hypothecating, changing, wasting, dissipating, converting, concealing, encumbering,
3 | or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other
4 | real or personal property, wherever located, of Defendants Jordan, Jordan Enterprises,
5 | Jordan Holdings, and Relief Defendant Sheila Jordan, owned by, controlled by,
6 | managed by or in the possession or custody of any of them, including, but not limited
7 | to, the following real and personal property:

Single Family Residence
10555 Greenacre Drive
Rancho Cucamonga, California 91730; and

2002 Cadillac registered to Sheila S. Jordan in the state of California, vin # 1GYEK63N92R285462, license plate # 4YPA546.

*Provided further* that Defendants Jordan, Jordan Holdings, Jordan Enterprises, and Relief Defendant Sheila S. Jordan shall file this Order as a *lis pendens* or other similar instrument under California law, to effectuate the terms of the limitations on the transfer of assets in this Paragraph and the asset freeze in Paragraph V of this Order.

### V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, or any trust, partnership, joint venture, person or entity affiliated with any of the Defendants or Relief Defendant.

### VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, pending the determination of a hearing on the merits, Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan.

## VII.

IT IS FURTHER ORDERED that Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, shall, within five days of the date of issuance of this Order, prepare and deliver to the Commission ~~on or before January 23, 2003~~ a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $1,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all funds derived from the activities alleged in the Complaint. Such accountings shall be delivered to Kenneth J. Guido, Assistant Chief Litigation Counsel in the Commission's Washington D.C. Office, 450 Fifth Street N.W., Washington, DC 20549-0911. Defendants Jordan, Jordan Enterprises, Jordan Holdings, and Relief Defendant Sheila Jordan, shall each produce to Kenneth J. Guido in the Commission's Washington, D.C. Office all books, records and other documents supporting or underlying their accountings on the same date.

## VIII.

~~IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the Commission may take depositions of non-parties upon oral examination~~ subject to two calendar days notice pursuant to Rules 30(a) and 45 ~~of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the Jordan Defendants and Relief Defendant, may be taken on any day, including Saturdays, Sundays, and holidays subject to two calendar days notice and the Commission may take more than ten depositions.~~ *PA*

## IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court. *The Commission shall serve the Amended Preliminary Injunction on the Jordan defendants within ten (10) days of entry. PA*

IT IS SO ORDERED.

DATED:

TIME: _____ o'clock ___ .m.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Kenneth J. Guido
Assistant Chief Litigation Counsel
Attorney for Plaintiff
Securities and Exchange Commission