

Kenneth J. Guido, California Bar No. 040020
Plaintiff's Trial Counsel
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, DC 20549-0911
Telephone: (202) 942-7933
Facsimile: (202) 942-9581

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>        Plaintiff,<br><br>vs.<br><br>LEON JORDAN II,<br>JORDAN ENTERPRISES, LLC,<br>JORDAN HOLDINGS, LLC,<br>RAYMOND BROWN, AND<br>RAY BROWN & ASSOCIATES,<br>        Defendants,<br><br>and<br><br>SHEILA S. JORDAN<br>        Relief Defendant. | Case No.: CV. 02-9889 PA (CTx)<br><br>CONSENT JUDGMENT OF DEFENDANTS LEON JORDAN II, JORDAN ENTERPRISES, LLC, AND JORDAN HOLDINGS, LLC AND RELIEF DEFENDANT SHEILA S. JORDAN |

The Securities and Exchange Commission having filed a Complaint and Defendants Leon Jordan II, Jordan Enterprises LLC, Jordan Holding LLC ("Defendants") and Relief Defendant Sheila S. Jordan ("Relief Defendant") having entered general appearances; consented to the Court's jurisdiction over Defendants and Relief

Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** the Consent Judgment with respect to Defendants Leon Jordan II, Jordan Enterprises, LLC, Jordan Holdings, LLC, and Relief Defendant Sheila S. Jordan; is hereby entered.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Defendants Leon Jordan II, Jordan Enterprises, LLC, and Jordan Holdings, LLC, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT** Defendants Leon Jordan II, Jordan Enterprises, LLC, and Jordan Holdings, LLC, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, without being registered as a broker and/or dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**

**THAT** Defendants Leon Jordan II, Jordan Enterprises, LLC, and Jordan Holdings, LLC, are jointly and severally liable for $900,000 in disgorgement and $30,329.30 in prejudgment interest representing profits gained as a result of the conduct alleged in the Complaint (said amounts to be reduced by the amounts paid by the Brown Defendants in disgorgement and prejudgment interest), and of this amount, Relief Defendant Sheila S. Jordan is individually liable for $390,000 in disgorgement and $13,142.70 in prejudgment interest representing the moneys she received from the Defendant Jordan that had been obtained from the proceeds of the Defendants' conduct described in the Complaint.

## V.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED**

**THAT** the Defendants and Relief Defendant, as partial payment of their financial obligations under this Order shall cause the title of the following property to be transferred to the Clerk of the Court within thirty (30) days or such other date as the Court orders:

(a) Real Property located at 10555 Greenacre Drive Rancho

Cucamonga, California 91730;

(b) 2002 Cadillac registered to Sheila S. Jordan in the state of California, vin number 1GYEK63N92R285462, California license plate number 4YPA546; and

© The amount of money contained in bank accounts frozen pursuant to this Court's Order of March 6, 2003, presently approximately $100,000.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Defendant Leon Jordan II, shall pay a third tier civil money penalty of $125,000 authorized by Section 20(d)(2) of the Securities Act, 15 U.S.C. §77t(d)(2), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §78u(d)(3); and 17 C.F.R. § 201.1002, setting inflation adjustment calculation. The Commission will submit for the Court's consideration proposed orders setting forth the proper disposition of such funds.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Jordan Defendants and Relief Defendant shall partially satisfy their financial obligations set forth in paragraph IV by paying the

5

amounts ordered and transferring the assets ordered in Paragraph V within thirty business days and set forth in paragraph VI within thirty business days of the Order setting the amount of civil money penalties to the Clerk of this Court, or other person designated by the Court, together with a cover letter identifying the payor as a Defendants and/or Relief Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment or transfer is made pursuant to this Final Judgment.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Defendants Leon Jordan II, Jordan Enterprises, LLC, Jordan Holdings, LLC, and Relief Defendant Sheila S. Jordan shall simultaneously transmit photocopies of all payments or transfers of assets made pursuant to this Order with a copy of the cover letter to the Commission's counsel in this action.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Defendants Leon Jordan II, Jordan Enterprises, LLC, Jordan Holdings, LLC, and Relief Defendant Sheila S. Jordan relinquish all legal and equitable right, title, and interest in the funds (disgorgement,

prejudgment interest, and civil money penalties) ordered to be paid by this Order, and/or funds or assets frozen pursuant to paragraph IV of this Court's Order of March 6, 2003, including, but not limited to, the assets and funds described in paragraph V of this Order, and no part of the funds or assets shall be returned to Defendants or Relief Defendant.

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** any person or entity who receives notice of this Order that holds assets of any kind in which the Defendants or Relief Defendants hold or have a legal or beneficial interest shall notify the CLERK, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA that such assets are being held by said person. If the assets in the form of cash on deposit with said person or entity, a check to the Court's registry in the amount of funds on deposit with said person or entity drawn to the order of "CLERK, UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA." The check should bear on its face the caption "<u>SEC V.JORDAN, ET AL. CIVIL ACTION NO. 02 cv 9889 PA (CTx)</u>" and be transmitted to the Clerk under cover of a letter to the Office of the Clerk, United States District Court for the Central District of California, United States Federal

7

Courthouse, 312 North Spring Street, Los Angeles, CA, 90012 which identifies that it is money to which the Defendants or Relief Defendants in this action have a legal or beneficial right, and the caption and case number of this action. Copies of the notice or check and accompanying cover letter shall be transmitted to counsel for the Commission, Kenneth J. Guido, Esq., Assistant Chief Litigation Counsel, 450 Fifth Street, N.W., Washington, D.C. 20549-0911.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** the Clerk shall deposit all funds received pursuant to this Order into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's

approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.

## XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT** the Court retains jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**

**THAT** there being no just cause for delay, the Clerk of the Court is directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment against Defendants and Relief Defendant forthwith and without further notice.

**SO ORDERED.**

Dated: __1/14__, ~~2003~~ 2004

_____
United States District Judge