1  KENNETH GUIDO (Cal. Bar No. 040020)
   PAUL R. BERGER
2  RUSSELL G. RYAN
   DEREK M. MEISNER
3  JO E. METTENBURG
   Securities and Exchange Commission
4  450 Fifth Street, N.W.
   Washington D.C. 20549-0911
5  Telephone: (202) 942-7933
   Facsimile:   (202) 942-9630



FILED
CLERK, U.S. DISTRICT COURT

JAN 1 5 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

6
7                    UNITED STATES DISTRICT COURT
8
9                    CENTRAL DISTRICT OF CALIFORNIA

9   SECURITIES AND EXCHANGE        Case No.:  CV. 02-9889 PA (CTx)
10  COMMISSION,
             Plaintiff,            FINAL JUDGMENT AS TO
11                                 DEFENDANT RAYMOND J. BROWN
        vs.
12                                 
    LEON JORDAN II ,
13  JORDAN ENTERPRISES, LLC,       ENTERED
    JORDAN HOLDINGS, LLC ,         CLERK, U.S DISTRICT COURT
14  RAYMOND BROWN, AND
15  RAY BROWN & ASSOCIATES,        JAN 1 6 2004
             Defendants,
16                                 CENTRAL DISTRICT OF CALIFORNIA
    and                            BY                   DEPUTY
17
    SHEILA S. JORDAN,              THIS CONSTITUTES NOTICE OF ENTRY
18              Relief Defendant.  AS REQUIRED BY FRCP, RULE 77(d).
19
20
21       The Securities and Exchange Commission having filed a Complaint and

22  Defendant Raymond J. Brown ("Defendant") having entered a general appearance;

23  consented to the Court=s jurisdiction over Defendant and the subject matter of this

24  action; consented to entry of this Final Judgment without admitting or denying the

25
26
27
28

43

1  allegations of the Complaint (except as to jurisdiction); waived findings of fact and

2  conclusions of law; and waived any right to appeal from this Final Judgment:

3

4                                          I.

5       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

6  Defendant, his agents, servants, employees, attorneys-in-fact, and all those persons

7
   in active concert or participation with them who receive actual notice of this Final
8

9  Judgment by personal service or otherwise, are permanently restrained and

10 enjoined from, directly or indirectly, by the use of any means or instruments of

11
   transportation or communication in interstate commerce or by use of the mails, in
12

13 the offer or sale of any security:

14
        (1)    employing any device, scheme, or artifice to defraud;
15

16      (2)    obtaining money or property by means of any untrue statement of a

17      material fact or any omission of a material fact necessary in order to make

18
        the statements made, in light of the circumstances under which they were
19

20      made, not misleading; or

21      (3)    engaging in any transaction, practice, or course of business which

22      operates or would operate as a fraud or deceit upon the purchaser, in the

23
        offer or sale of any security,
24

25 in violation of Section 17(a) of the Securities Act ("Securities Act") [15 U.S.C. §

26 77q(a)].

27

28

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant, his agents, servants, employees, attorneys-in-fact, successors, and

assigns and all those persons in active concert or participation with them who receive

actual notice of this Final Judgment by personal service or otherwise, and each of

them, be and they hereby are permanently restrained and enjoined from violating

Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. § 78o(a)] by, directly or indirectly effecting securities transactions for the

account of others or engaging in business as a dealer without being registered as a

broker-dealer or being associated with a registered broker-dealer for purposes of

those transactions or that business.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is liable for disgorgement of $75,000 representing profits gained as

a result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $2,611.69, for a total of $77,611.69, and a civil penalty in

the amount of $ 25,000 pursuant to Securities Act Section 20(d) [15 U.S.C. 77t(d)],

and Exchange Act Section 21(d)(3) [15 U.S.C. 78u(d)(3)].  Defendant shall satisfy

this obligation by paying $102,611.69 within ten business days to the Clerk of this

1   Court, together with a cover letter identifying Raymond J. Brown as a defendant in

2   this action; setting forth the title and civil action number of this action and the

3   name of this Court; and specifying that payment is made pursuant to this Final

4   Judgment. Defendant shall simultaneously transmit photocopies of such payment

5   and letter to the Commission's counsel in this action. By making this payment,

6   Defendant relinquishes all legal and equitable right, title, and interest in such

7   funds, and no part of the funds shall be returned to Defendant.

8

9        The Clerk shall deposit the funds into an interest bearing account with the

10  Court Registry Investment System ("CRIS"). These funds, together with any

11  interest and income earned thereon (collectively, the "Fund"), shall be held by the

12  CRIS until further order of the Court. In accordance with the guidelines set by the

13  Director of the Administrative Office of the United States Courts, the Clerk is

14  directed, without further order of this Court, to deduct from the income earned on

15  the money in the Fund a fee equal to ten percent of the income earned on the Fund.

16  Such fee shall not exceed that authorized by the Judicial Conference of the United

17  States.

18       The Commission may by motion propose a plan to distribute the Fund

19  subject to the Court's approval. Such a plan may provide that Fund shall be

20  distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-

21  Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is

1   made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall

2   be treated as penalties paid to the government for all purposes, including all tax

3

4   purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not,

5   in any Related Investor Action, benefit from any offset or reduction of any

6   investor's claim by the amount of any Fair Fund distribution to such investor in this

7

8   action that is proportionately attributable to the civil penalty paid by Defendant

9   ("Penalty Offset").  If the court in any Related Investor Action grants such an

10  offset or reduction, Defendant shall, within 30 days after entry of a final order

11

12  granting the offset or reduction, notify the Commission's counsel in this action and

13  pay the amount of the Penalty Offset to the United States Treasury or to a Fair

14  Fund, as the Commission directs.  Such a payment shall not be deemed an

15

16  additional civil penalty and shall not be deemed to change the amount of the civil

17  penalty imposed in this Judgment.  For purposes of this paragraph, a "Related

18  Investor Action" means a private damages action brought against Defendant by or

19

20  on behalf of one or more investors based on substantially the same facts as alleged

21  in the Complaint in this action.

22                                      IV.

23        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

24  that the Consent is incorporated herein with the same force and effect as if fully set

25

26  forth herein, and that Defendant shall comply with all of the undertakings and

27  agreements set forth therein.

28

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that this Court shall retain jurisdiction of this matter for the purposes of enforcing

the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

forthwith and without further notice.

Dated: ___1/14___, 2004

Honorable Percy Anderson
UNITED STATES DISTRICT JUDGE