RICHARD WEISSMAN, ESQ.
State Bar #54781
5959 Topanga Canyon Boulevard
Suite 255
Woodland Hills, California 91367
Telephone (818) 226-5434
Facsimile (818) 226-9105

DISTRIBUTION AGENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | CASE NO.: CV 02-9889 PA (CTx) |
| Plaintiff, | HEARING DATE: May 9, 2005 |
| vs. | TIME: 1:30 P.M. COURTROOM 15 |
| LEON JORDAN II, et al., | ASSIGNED JUDGE: HON. PERCY ANDERSON |
| Defendants. | |
| AND SHEILA JORDAN, Relief Defendant | ORDER (CONFIRMING SALE OF REAL PROPERTY) |

**ORDER**

The Distribution Agent's motion for confirmation and approval of sale of the improved real property that is part of the subject matter of this action came on for hearing before the Honorable Percy Anderson, Judge Presiding, following notice duly given. Appearances were made by the Distribution Agent, Richard Weissman, pro se, and by counsel and interested parties recorded in the minutes of the hearing. The Distribution Agent's motion was considered by the Court, the supporting declaration of Richard

Document Printed on Recycled Paper, C.R.C Rule 201(d)]     1
ORDER (CONFIRMING SALE OF REAL PROPERTY)

Weissman and the exhibits thereto were received in evidence by reference. Any other supporting and responding papers were duly considered. Following discussion in open court by the Distribution Agent, counsel and interested persons present, and for good cause shown,

**IT IS ORDERED, ADJUDGED AND DECREED:**

1.  The Distribution Agent's ("Agent") motion to approve and confirm the sale of the improved real property described hereinbelow to Brandon Sakuma and Kari-Lyn Sakuma ("Buyer") is granted. Said real property consists of a single-family residence previously vested in the names of Leon Jordan II, Sheila S. Jordan, and Sheila S. Jordan as trustee of the Jordan Family 2002 Revocable Trust, and currently vested in the United States District Court. Said single family residence is commonly described as and located at 10555 Greenacre Drive, Rancho Cucamonga, California 91730, and by San Bernardino county Assessor Parcel Number 1077-142-09-0-000 (the "Property").

2.  The Court approves and confirms the terms and conditions of the "California Residential Purchase Agreement and Joint Escrow Instructions", the "Counter Offer No. One" and Addenda Nos. 1 and 2 (collectively, "Purchase Agreement") (exhibit B, Agent's Motion) and the cash purchase price of FOUR HUNDRED FIFTEEN THOUSAND DOLLARS ($415,000.00). The Agent and Buyer are ordered to perform the executory terms and conditions of the Purchase Agreement. The Distribution Agent shall not be personally liable thereunder for any reason.

3. Said sale shall be free and clear of all financial liens and encumbrances that are not approved for payment from escrow by the Agent.

4. Escrow shall be opened forthwith, Buyer shall deposit the balance of the purchase deposit thereto, and escrow shall close within thirty (30) days of notice of entry of this Order to Buyer's Broker.

5. There is a real estate broker commission payable under the real estate broker listing agreement between the Agent and Coldwell Banker Residential Brokerage ("Broker"), approved by Order of Court on March 17, 2005 and filed on March 18, 2005 (docketed March 21, 2005), at the rate of six percent (6%) of the approved sale price of $415,000.00. The commission payable to Broker will be in the sum of Twenty-four Thousand Nine Hundred Dollars ($24,900.00), subject to the broker compensation cooperation agreement between Broker and Buyer's Broker, Prudential California Realty, through Greg Gunning. Said commission will be payable only upon the succession consummation of this sale and close of escrow upon the approved terms and conditions of the Purchase Agreement.

6. Any disclosures and/or limited representations made by the Distribution Agent in standard disclosure form documents are hereby ratified and approved. The Distribution Agent shall not bear any personal liability for said statements or any consequential damages or liability of any kind that may arise therefrom. The Jordans are not released or discharged from any individual liability for any representation or omission of a material fact required by law to be disclosed to the Buyer.

7. The Distribution Agent, Richard Weissman, is authorized to

1  execute a Distribution Agent's Deed, in the same or similar form as
2  filed as exhibit "C" to the Distribution Agent's motion, in the
3  nature of a quitclaim deed, on behalf of the Jordans and this Court
4  to convey title of said Property to the Buyer. The Distribution
5  Agent and the Buyer shall deliver to the escrow agent such other
6  documents or instruments as may be reasonably necessary to convey
7  title and otherwise to close the escrow. Any and all personal
8  financial and/or real property tax information or data required by
9  the escrow agent from Buyer and the Jordans shall be provided by
10 them as requested without further orders from this Court.

11    8. The Real Property herein to be conveyed by the Agent is
12 legally described as:

13    **PARCEL NO. 1:**
14    **LOT 21, TRACT NO. 13662, IN THE CITY OF RANCHO CUCAMONGA,**
15    **COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER**
16    **PLAT RECORDED IN BOOK 230 OF MAPS, PAGES J9 TO 12,**
17    **INCLUSIVE, RECORDS OF SAID COUNTY.**
18    **EXCEPTING THEREFROM ALL OIL, GAS AND MINERAL RIGHTS AS**
19    **RESERVED BY VARIOUS DEEDS OF RECORD.**
20    **ALSO EXCEPTING THEREFROM ALL MINERALS, OIL, GAS,**
21    **PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND ALL**
22    **UNDERGROUND WATER AND ALL GEOTHERMAL ENERGY SOURCES IN OR**
23    **UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND WHICH**
24    **UNDERLIES A PLANE PARALLEL TO AND 500 FEET BELOW THE**
25    **PRESENT SURFACE OF SAID LAND SUCH RESERVATION**
26    **SPECIFICALLY RESERVED IN GRANTOR THE RIGHTS OF**
27    **PROSPECTING EXPLORATION, DEVELOPMENT, PRODUCTION,**
28    **EXTRACTION, AND TAKING OF SAID MINERALS, OIL GAS**

1  PETROLEUM HYDROCARBON SUBSTANCES WATER AND GEOTHERMAL
2  ENERGY (AND/OR ITS SOURCES) FROM SAID LAND BY MEANS OF
3  MINES, WELLS, DERRICKS, AND/OR OTHER EQUIPMENT FROM
4  SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR
5  LYING OUTSIDE THE ABOVE-DESCRIBED LAND; PROVIDED,
6  HOWEVER, THAT THE OWNER OF SUCH MINERALS OIL GAS
7  PETROLEUM, OTHER HYDROCARBON SUBSTANCES, WATER, AND
8  GEOTHERMAL ENERGY SOURCES AS SET FORTH ABOVE, SHALL HAVE
9  NO RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR TO
10 USE SAID LAND OR ANY PORTION THEREOF ABOVE SAID PLANE
11 PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF
12 SAID LAND FOR ANY PURPOSE WHATSOEVER, AS RESERVED IN THE
13 DEED FROM LEWIS HOMES OF CALIFORNIA, A GENERAL
14 PARTNERSHIP RECORDED NOVEMBER 28, 1990, AS INSTRUMENT NO.
15 90-470383, OF OFFICIAL RECORDS.
16 PARCEL NO. 2:
17 NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS,
18 ENCROACHMENT, DRAINAGE, REPAIR, MAINTENANCE, SUPPORT, AND
19 FOR OTHER PURPOSES, SUBJECT TO THE TERMS AND PROVISIONS
20 AS DESCRIBED IN THE DECLARATION OF RESTRICTIONS OF
21 WESTGATE CONDOMINIUM AND PLANNED DEVELOPMENT, RECORDED ON
22 APRIL 24, 1990, AS INSTRUMENT NO. 90-158252, IN THE
23 OFFICIAL RECORDS OF SAID COUNTY AND ALL AMENDMENTS,
24 MODIFICATIONS, OR SUPPLEMENTS THERETO (HEREINAFTER THE
25 "DECLARATION").
26 PARCEL NO. 3:
27 A NON-EXCLUSIVE EASEMENT ON AND OVER THE "COMMON AREA" AS
28 DEFINED IN THE DECLARATION FOR ACCESS, USE, OCCUPANCY,

1  **ENJOYMENT, INGRESS TO AND EGRESS FROM THE AMENITIES**
2  **LOCATED THEREON, SUBJECT TO THE TERMS AND PROVISIONS OF**
3  **THE DECLARATION, THIS EASEMENT IS APPURTENANT TO PARCEL 1**
4  **ABOVE DESCRIBED. THE COMMON AREA IS FOR THE USE OF**
5  **OWNERS OF LOTS WHICH ARE SUBJECT TO THE DECLARATION AND**
6  **IS NOT FOR THE USE OF THE GENERAL PUBLIC.**

8  If the foregoing legal and/or common descriptions are
9  incorrect in any manner, the Agent is authorized to effectuate
10 corrections thereof in such manner as shall be satisfactory to a
11 title insurer for the purpose of insuring title for the Buyer
12 herein.  The title insurer is also authorized to direct or cause
13 such description corrections as may be necessary to convey correct
14 and accurate title without further review or orders of this Court.
15      9.  Agent is further authorized to review, approve and
16 disapprove projected fees and costs of and from the escrow agent,
17 and any third party claimants making demand for payment from said
18 sale proceeds in any manner, including without limitation the
19 Internal Revenue Service, and any and all State taxing agencies,
20 homeowners association, general creditors and recorded lien
21 creditors.  Any and all such claims and liens are hereby and shall
22 be deemed discharged and released against the Property.  The title
23 insurer shall consider each and all of said liens and claims and
24 lis pendens fully discharged and cleared from title, and the title
25 insurer shall issue title insurance to the Buyer free and clear of
26 said liens, without exception or exclusion from such policy
27 coverage.  Non-financial liens relating to the use of the Property
28 in the nature of easements for utilities, mineral extraction and

the like, covenants, conditions and restrictions, both public and private, as permitted by law, shall not be the subject of such discharge and release. The foregoing financial lien(s) and encumbrance(s) discharge(s) shall be effective for the purpose of obtaining title insurance coverage without the need of any further Order delineating or specifically naming any claimant(s).

10. Notwithstanding any third party claim(s) of any kind filed with the escrow holder, the escrow holder is instructed and ordered to pay to the Agent, at the close of escrow, all sale proceeds, subject only to deduction of the escrow fees and cost and any other expenses of sale and/or ~~third party claims~~ *property tax lien and homeowners fees* that have been expressly approved in writing by the Agent prior to the close of escrow. All and any third party claims not otherwise approved by the Agent, whatever their origin or purported legal status, including claims arising from recorded abstracts of judgment, attachments, writs of execution, other recorded or unrecorded judicial liens, nonjudicial recorded liens and unrecorded general claims, shall not be paid through escrow and the escrow holder shall not retain any funds relating to such claims. Any and all such claims shall be presented by the Agent to the Court for disposition as part of his final report on the eligible claims filed with the Agent pursuant to the Order entered on October 28, 2004. All money received from escrow by the Agent shall be placed in a qualified FDIC insured bank account. The escrow agent shall not be liable to any person or government agency for disbursing funds pursuant to the written instructions of the Agent and/or acting in accordance with these orders of Court.

11. The Distribution Agent may take such further action and

1  execute additional reasonable agreements with the Buyer that are
2  generally in accord with the Purchase Agreement as will enable
3  consummation of the approved sale on behalf of the Parties herein,
4  without further Court approval or review.
5     12.  It is further ordered that Leon Jordan II and Sheila S.
6  Jordan shall perform such acts as are required under any law or
7  regulation of a competent governing body and under the aforesaid
8  Purchase Agreement.  Further, they and their agents and
9  representatives shall not undertake any act, directly or
10 indirectly, that shall or may hinder, impede or interfere with the
11 performance and/or execution of said Purchase Agreement, the
12 consummation of the sale, or the close of escrow by the Agent,
13 Buyer or Escrow Agent, in any manner.  The Agent, as the agent of
14 the Court, shall not be personally liable for his performance of
15 any act directed by this Order or the Purchase Agreement, expressed
16 or implied.
17    13.  The Escrow Agent shall not request from the Jordans, or
18 either of them, their approval of any of the foregoing expenses or
19 amounts to be withheld from the sale proceeds as instructed by the
20 Agent.  Further, the Jordans shall not deliver, directly or
21 indirectly, any instruction, request or demand to the Escrow Agent
22 or title insurer disapproving any claim, or instruction by the
23 Agent, nor take any action that will or may delay the closing of
24 escrow.
25    14.  All of the aforesaid discharged liens, encumbrances and
26 claims, including from the Internal Revenue Service and State
27 taxing agencies, if any, shall be deemed transferred to and
28 constitute a lien against the proceeds of sale held by the

1 | Distribution Agent, in their order of priority of record as of the
2 | close of escrow, subject to the Distribution Agent's fees and
3 | costs, pending Court review and adjudication of the claims'
4 | priority and validity. The Agent shall give notice to all such
5 | known claimants (at their last known address as set forth on the
6 | recorded lien or claim document) of any and all hearings on his
7 | final report and account in this action and proposed distribution
8 | of funds.

DATED: May 9, 2005

PERCY ANDERSON
JUDGE OF THE UNITED STATES
DISTRICT COURT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 5959 Topanga Canyon Boulevard, Suite 255, Woodland Hills, California 91367.

On April 15, 2005, I served the foregoing document described as ORDER, CONFIRMING SALE OF REAL PROPERTY, on the interested party(ies) in this action:

| | |
|---|---|
| Mr. Leon Jordan II<br>Sheila S. Jordan<br>1365 North Pampas Avenue<br>Rialto, CA 92376 | Samira Dekoven<br>Coldwell Banker<br>301 N. Canon Drive<br>Suite E<br>Beverly Hills, CA 90201 |
| Kenneth J. Guido, Esq.<br>Securities and Exchange Commission<br>450 Fifth Street, N.W.<br>Washington, DC 20549-0911 | Greg Gunning<br>25909 Palia Drive<br>Mission Viejo, CA 92691 |

[x] by placing [ ], the original [x] a true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows:

[x] **(BY MAIL)** I deposited such envelope(s) in the mail at Woodland Hills, California. The envelope(s) was/were mailed with postage thereon fully prepaid as follows: I am "readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Woodland Hills, California on April 15, 2005.

*Susan Velves*

[Document Printed on Recycled Paper, C.R.C. Rule 201(d)]
PROOF OF SERVICE FOR ORDER