

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 02-9889 PA (CTx) | Date | May 12, 2006 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. Leon Jordan II, *et al.* | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    COURT ORDER - GRANTING DISTRIBUTION AGENT'S MOTIONS

Before the Court is the Distribution Agent's Motion for an Order: (1) Approving the Distribution Agent's First and Final Report on claims Against Defendants; (2) Approving and Disapproving Claims; (3) Approving a Distribution Plan and Authorizing Payments Thereon; (4) Authorizing Filing of Fiduciary Income Tax Return, and Payment of Accountant's and Bookkeeping Preparation Fees; (5) Approving Pre-Hearing and Post-Hearing Fees and Expenses of Distribution Agent; (6) Discharging and Exonerating Distribution Agent from Liability; and (7) For Further Instructions to Distribution Agent for Administration and Closure of the Estate (the "Motion") (Docket No. 77).

## I.    Background

On January 14, 2004,  the Court ordered defendant Leon Jordan II and relief defendant Sheila Jordan (collectively "Defendants") to disgorge assets pursuant to the judgment entered against them for securities fraud. These assets include funds from frozen accounts, a single family residence located at 10555 Greenacre Drive, Rancho Cucamonga, California and a Cadillac Escalade. On October 28, 2004, the Court appointed Richard Weissman as the Distribution Agent responsible for the management and distribution of the disgorged assets. The Distribution Agent recovered a net amount of $30,671.72 from the sale of the Escalade, after sales commission and repair costs. The real property was sold for a gross sale price of $415,000.00. There were recorded third party claims against the property for unpaid property taxes and $449.00 in dues owed to the Terra Vista Westgate Homeowners Association ("HOA"). Prior to the sale closing date, Euclid Management Company, on behalf of the HOA, submitted a claim for $2,889.00, approximately $2,400.00 in excess of the recorded lien. The tax lien was paid and the HOA claim reserved, and escrow was successfully closed on May 27, 2006. Approximately, $225,191.09 in disgorgement was recovered from Defendants frozen accounts. The full disgorgement value was consolidated into a "settlement fund" within the meaning of section 468B of the Internal Revenue Code (the "Fund"). The total value of the Fund, as of December 2005, was $614,638.58.

On May 1, 2006, the Distribution Agent published on the Securities and Exchange Commission ("SEC") website Notice of Last Day to File Proof of Claims, a Proof of Claim form, and a letter

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 02-9889 PA (CTx) | Date | May 12, 2006 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. Leon Jordan II, *et al.* | | |

explaining the claims process. He also sent copies of these documents to the last known addresses of all known investors listed in the SEC's database. For those investors for whom no address was listed in the database, research was conducted as to their locations and efforts were made to communicate with them directly. In January 2006, the SEC discovered fourteen additional potential claimants. Claims forms were sent to these investors at that time, despite expiration of the Bar Date.

Based on the claims filed, the Distribution Agent suggests approval of twenty-three verified claims, in the amount reflected in the SEC's database (Mot. Ex. A). The Distribution Agent suggests denial of seventeen potential claims for failure to timely file a claim form (Mot. Exs. B - D). He suggests denial of three additional claims, from James Kirk, Norman Johnson, and Linda Hill, because their claims do not relate to the SEC action, which pertained only to Defendants fraudulent activity in connection with the GIC bond investment scheme (Mot. Ex. C). The aggregate amount of suggested approved claims is $801,000.00.

Because the aggregate amount of claims exceeds the value of the Fund, the Distribution Agent suggests that the net distributable funds be distributed, after deduction of the approved fees and expenses, based on a proration of each approved claim compared with all approved claims. The Distribution Plan contemplates termination of any potential claimant's interest in the Fund upon his or her failure to file a timely Proof of Claim form or sufficient supporting evidence of his or her claim. The result would be that the terminated potential pro rata interest of each "denied" claim is reallocated and divided ratably amongst the approved claimants.

The Distribution Agent also requests pre-hearing and post-hearing fees and expenses for services rendered by him and his staff associated with administration of the disgorged assets. These expenses include: $8,214.00 for pre-hearing fees and expenses associated with the services of Dipo Fashakin, the primary administrative staff person on the case; $1,215.00 in fees for work performed by the retained book keeper; and $51,833.00 for administrative and legal services rendered by the Distribution Agent. The total gross amount of pre-hearing fees and expenses requested is $64,678.00, and includes, in addition to the above enumerated fees and costs, miscellaneous costs associated with administration of the estate (Mot. Ex. N). To date, $21,394.79 has been paid on account toward these fees and expenses. Thus, the net request for pre-hearing fees and costs is $43,283.23.

After the hearing, the Distribution Agent will still be required to render services for the Fund including: preparation and distribution of checks to the approved investors, continued management of the bank account, and preparation and filing of the tax forms.[1] He requests a total of $8,245.00 to cover post-hearing costs and fees.

---

[1]  Preparation of the Form 1120-SF will actually be done by the SEC's accountant, Damasco Associates.

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 02-9889 PA (CTx) | Date | May 12, 2006 |

| | |
|---|---|
| Title | Securities & Exchange Commission v. Leon Jordan II, *et al.* |

## II.   Analysis

"Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa (1982), confers general equity powers on district courts to remedy violations of the Act ... 'Once the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy.'" SEC v. Certain Unknown Purchasers, 817 F.2d 1018, 1020 (2d Cir. 1987) (quoting SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1103 (2d Cir. 1972)). This power encompasses the power to permit and approve the collection and distribution of funds disgorged pursuant to Court order. See In re Drexel Burnham Lambert Group, Inc., 995 F.2d 1138, 1146 (2d Cir. 1993) ("It is up to the SEC to present a plan for distribution for that fund in the normal course, and the district court is then duty bound to examine such plan under its general equitable powers."); see also CFTC v. Topworth Int'l, Ltd., 205 F.3d 1107, 1115 (9th Cir. 2000) (noting the "broad deference" afforded to the district court in adopting "reasonable procedures instituted [to] serve the purpose of orderly and efficient administration").

"When a plan for distribution, incorporating the disgorgement order, is ... presented to the district court it is reviewed under that court's general equitable powers to ensure that it is fair and reasonable." SEC v. Wang, 944 F.2d 80, 81 (2d Cir. 1991). "It is important to keep in mind ... that the primary purpose of disgorgement is not to compensate investors ... but to ensure that those guilty of securities fraud are not unjustly enriched. This kind of line drawing - which inevitably leaves out some potential claimants - is ... appropriately left to the experience and expertise of the SEC in the first instance ... The district Court's task is to decide whether, in the aggregate, the plan is equitable and reasonable." Id. at 88. "[O]nce the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end." Id. at 85.

The Court finds that the Distribution Agent's proposal, to distribute the available funds on a pro rata basis to the proposed approved claimants, reflected in Exhibit A, is both fair and reasonable. Cf. United States v. Real Property Located at 13328, 89 F.3d 551, 553 (9th Cir. 1996) (holding that "the equities demand that all ... defrauded customers share equally in the fund of pooled assets in accordance with the SEC plan."); Topworth, 205 F.3d 1107 (approving pro rata distribution plan).[2] The proposed

---

[2]     The Distribution Agent's proposal to bar untimely claims, potential claims that remain unfiled, and claims in excess of the verified amount reflected in the SEC's database is also fair and reasonable. See SEC v. Hardy, 803 F.2d 1034, 1038 (9th Cir. 1986) (upholding denial of claims filed after a reasonable bar date had elapsed). "A [administrator] appointed in the wake of a securities fraud may encounter difficulties sorting out the financial affairs of the defrauded entity ... Accordingly, the district court's decision to establish deadlines for filing claims, and to bar untimely claims, is reasonable in light of the complexity of the receivership and the procedure employed to notify potential claimants." Id. at 1039.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 02-9889 PA (CTx) | Date | May 12, 2006 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. Leon Jordan II, *et al.* | | |

plan provides adequate notice, and an opportunity to be heard, to potential claimants. See Drexel Burnham, 995 F.2d at 1144, 1147; Topworth Int'l, Ltd., 205 F.3d at 1113 ("For the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard."). And evenly distributes the proceeds of the Fund amongst the timely claimants in an amount proportionate to their verified initial investment. Therefore, the Court approves, ratifies, and confirms the Distribution Agent's Distribution Plan, including the claims report, accounting, and the proposed methodology of approving and disapproving claims based on their timeliness and sufficiency of proof. The claims set forth in Motion Exhibit A are approved. The claims identified in Exhibits B and C, the unverified excess claims identified in Exhibit D, and all other unfiled potential claims are denied.

The Court also approves the pre-hearing and post-hearing costs and fees requested by the Distribution Agent in a sum total not to exceed $51,528.23 exclusive of fees and costs already paid.[3] This amount shall include up to $3,000.00 in accounting fees associated with the preparation and filing of IRS Form 1120-SF. The Distribution Agent shall also make payment, not to exceed $2,889.00, to the HOA, in an amount equal to the principal on delinquent dues. No penalties or interest is to be paid to the HOA.

Based on the Distribution Agent's calculation of gross receipts less approved expenses, the Court finds that there are $560,229.17 in net distributable funds.[4] This represents an approximate recovery of seventy percent (70%) of the approved investment claims. In the absence of an appeal, the Court approves and adopts the proposed distributions set forth in the Distribution Plan and orders distributions in accordance with the Plan to be made no later than sixty (60) days following entry of this order. If there is a timely appeal, all distributions shall be deferred until the appeal is resolved. The Distribution Agent is ordered to send copies of this Order and a Notice of Entry of Ruling in conformity with this Order to the SEC and all known potential claimants within ten (10) days of entry of the Order.

---

[3]     Based on the Supporting Declaration of Richard Weissman appended to the Motion, it appears that $21,394.79 has already been disbursed on account for pre-hearing fees and costs. The Court approves this disbursement as well as a sum not to exceed $51,528.23 in additional fees and costs.

[4]     Any amount in excess of this estimate, derived from interest accrued on the Fund account or otherwise, shall be reincorporated into the Fund and distributed on a pro rata basis amongst the approved claimants. Similarly, this sum shall be augmented by any amount of the HOA claim disapproved by the Distribution Agent for failure of support or because it is determined to be a "penalty." To the extent that there are any remaining funds in the account after the distribution and deduction of the approved post-hearing fees and expenses, the Distribution Agent shall issue a final check, payable to the United States Treasury, which he shall deliver to the SEC for remittance to the United States Treasurer.

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 02-9889 PA (CTx) | Date | May 12, 2006 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. Leon Jordan II, *et al.* | | |

The Court orders the Distribution Agent to file U.S. Income Tax Return for Settlement Funds, Form 1120-SF, pursuant to Internal Revenue Code § 468B and the regulations thereunder. Any taxes adduced thereunder shall be paid from the Fund prior to distribution of the assets.[5]

The Distribution agent, his employees and representatives are hereby released, discharged and exonerated from any and all liability for their activities and conduct in the administration of the estate from October 28, 2004, through the date of the hearing. Upon successful completion of the distribution, the Distribution Agent shall serve the SEC with a final financial report, including a statement of fees and expenses incurred during the post-hearing period. The SEC shall raise any objections to the final report and statement of fees within ten (10) days following service of the report. If the objections are not resolved within ten (10) days of service, either party may seek Court instructions on the objections upon twenty-one (21) days notice to the other party. Within six (6) months following entry of this Order and upon successful completion of the distribution, completion of an approved final financial report, and remittance to the SEC of a final check for any monies remaining in the Fund, the Distribution Agent shall file with the Court a final status report. The status report shall include notice of his full performance of the foregoing and of closure of the estate.[6]

The Court reserves jurisdiction over all issues relating to the approved Distribution Plan herein, the claims of all known and potential claimants to the Fund assets, and all other matters raised in the Distribution Agent's Motion.

### Conclusion

For all the foregoing reasons, the Distribution Agent's Motion is granted.

IT IS SO ORDERED.

---

[5]     Upon successful preparation and filing of the tax form, the Distribution Agent is authorized to pay an amount not to exceed $3000.00 for fees associated with the accounting, preparation and filing of the form.

[6]     Should performance not be complete at that time, the Distribution Agent shall set forth, in detail, what acts remain to be performed and an explanation for the delay. Upon successful performance of this Order, including distribution, final accounting, and closure of the estate, the Distribution Agent shall be duly discharged and exonerated from all of his official duties herein and shall be released, discharged and exonerated from any and all liability for his conduct herein during the term following entry of this Order.

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 02-9889 PA (CTx)   Date   May 12, 2006 |
| Title | Securities & Exchange Commission v. Leon Jordan II, *et al*. |

_____ : _____

Initials of Preparer _____

cc:

# NOTICE PARTY SERVICE LIST

Case No. _CV 02-9889 PA_   Case Title _S.E.C. v Jordan_

Title of Document _Minute Order_

| | |
|---|---|
| | Atty Sttlmnt Officer |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| ✓ | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | Stratton, Maria - Federal Public Defender |
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (include suite or floor):

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk**